DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Masters | ) | |
| | ) | CASE NO. 5:07 CV 1826 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| Supplemental Executive Retirement Plan for | ) | (Resolving Doc. 29) |
| Automated Packaging Systems, Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

A.  Introduction

This action for pension benefits was brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (ERISA). The Court previously issued a Memorandum Opinion awarding plaintiff Michael Masters benefits under his defendant employer's Supplemental Executive Retirement Plan (SERP). *See* Doc. 28. However, the Court withheld issuing a judgment entry pending a determination of the final amount to be awarded, including the question of whether plaintiff is entitled to prejudgment interest and how the interest should be calculated.

The Court invited the parties to submit an agreed upon judgment entry by March 30, 2009, or, if the parties could not agree, separate proposed judgment entries by April 6, 2009. *Id.* An agreed upon judgment entry was not filed. Instead, plaintiff filed a motion for prejudgment interest to be awarded at the state rate and attached a proposed judgment entry to the motion (Doc. 29). Defendants filed their own proposed judgment entry and opposed plaintiff's motion for prejudgment interest at the state rate. *See* Docs. 31 and 33, respectively.

(5:07 CV 1826)

Although the parties do not agree whether prejudgment interest should be awarded, or if awarded, what the interest rate should be, the parties do agree that an offset provision of the SERP should be applied to reduce the monthly retirement benefit amount previously awarded by the Court[1] by the sum of $2,158.87, for a net amount payable to Masters each month of $16,145.68.

B.  Award of Prejudgment Interest

ERISA does not mandate the award of prejudgment interest. However, the Court may award prejudgment interest at its discretion in accordance with general equitable principles. *Ford v. Uniroyal Pension Plan,* 154 F.3d 613, 616 (6th Cir. 1998); *Hoover v. Provident Life and Acc. Inc. Co.,* 290 F.3d 801, 810 (6th Cir. 2002)(citing *Ford,* 154 F.3d at 616). In this case, the Court finds that for reasons previously discussed in its Memorandum Opinion awarding plaintiff benefits, equitable principles support an exercise of the Court's discretion to award prejudgment interest. Accordingly, plaintiff's motion for an award of prejudgment interest is GRANTED.

C.  Amount of Prejudgment Interest

Prejudgment interest in an ERISA award should compensate plaintiff for the lost use of money in order to achieve ERISA's remedial goal, but should not be punitive in nature. *Ford,* 154 F.3d at 618-19. Like the decision to award prejudgment interest, the rate of interest is also within the sound discretion of the Court. *Id.*; *Rybarczyk v. TRW, Inc.,* 235 F.3d 975, 985 (6th Cir. 2001).

---

[1] *See* Doc. 28.

(5:07 CV 1826)

In his motion for prejudgment interest, plaintiff argues that the interest awarded should be calculated at the state rate rather than the federal rate. The state rate advocated by plaintiff is 6% for 2006, 8% for 2007 and 2008, and 5% for 2009. Defendants contend that the state rate is excessive, and therefore punitive, and advocates instead the use of the statutory federal rate as the appropriate interest rate to be applied. The federal statutory rate advocated by defendants is 4.94% for 2006, 4.53% for 2007, 1.83% for 2008, and 0.72% for 2009.

Plaintiff acknowledges that an excessive interest rate transforms the award of prejudgment interest from a compensatory award to a punitive one in contravention of ERISA's remedial goal, but argues that an exceedingly low interest rate also frustrates ERISA's remedial goal by inadequately compensating the plaintiff for his lost use of money. In this case, plaintiff contends that federal interest rates are exceedingly low due to recent economic conditions, therefore, use of the Ohio rate is necessary in order to make plaintiff whole and achieve ERISA's remedial goal.

The Sixth Circuit looks with disfavor on simply adopting state law interest rates because ERISA is not an area primarily of state concern. *Rybarczyk,* 235 F.3d at 985 (quoting *Ford,* 154 F.3d at 617). The statutory framework in 28 U.S.C. § 1961 for awarding post-judgment interest has been held by the Sixth Circuit to be a reasonable method for determining prejudgment interest awards. *Ford,* 154 F.3d at 619. However, the § 1961 rate is not the only permissible prejudgment interest rate. Other rates, including prevailing market rates reflecting what defendants would have had to pay in order to borrow the money at issue, have been upheld by the Sixth Circuit and other courts. *Rybarczyk,* 235 F.3d at 986 (citing *EEOC v. Wooster Brush*

3

(5:07 CV 1826)

*Co. Employees Relief Ass'n,* 727 F.2d 566, 579 (6th Cir. 1984)(adjusted prime rate); *Katsaros v. Cody*, 744 F.2d 270, 281 (2d Cir. 1984) (prime plus one percent)).

Section 1961 may normally be a reasonable method for calculating interest even in the face of declining interest rates. Between 2006 and 2007, the federal interest rate declined 0.41%. Even the prime interest rate, which has also been held to be a reasonable rate for determining prejudgment interest, has declined over the 2006-2009 period, but not nearly as dramatically in 2008 and 2009 as the federal statutory rate.[2] The decline in federal statutory rates for 2008 and 2009 was precipitous, dropping to 1.83% and 0.72%, respectively. In the Court's view, the dramatically low federal rates of 2008 and 2009 would fail to adequately compensate plaintiff for the lost use of money and achieve ERISA's remedial goal. *Ford,* 154 F.3d at 618. However, the low federal rates for 2008 and 2009 do not justify the use of state rates to determine prejudgment interest in this case.

The Court finds that the federal statutory rates of 4.94% for 2006, 4.53% for 2007 are reasonable to achieve ERISA's remedial purpose, but the federal rates for 2008 and 2009 are not. Recognizing that interest rates have been on the decline, the Court will establish the prejudgment interest rate for 2008 and 2009 by applying the same decline in interest rate to those two years as the federal rate experienced between 2006 and 2007. Therefore, the 2007 rate will be reduced by 0.41% to arrive at a rate of 4.12% for 2008, and that rate will be further reduced by 0.41% to

---

[2] Prime rates: Dec. 1, 2006 - 8.25%; Dec. 1, 2007 - 7.50 %; Dec. 1, 2008 - 4.00%; Jan. 1 - Apr. 1, 2009 - 3.25%.

(5:07 CV 1826)

arrive at a rate of 3.71% for 2009.[3] The use of this hybrid method for determining prejudgment interest in this case recognizes the reasonableness of applying the federal statutory rate to prejudgment interest calculations, but also recognizes the unusual economic circumstances which have contributed to a federal statutory rate for 2008 and 2009 that will not adequately compensate plaintiff in a manner that will achieve ERISA's remedial purpose.

Accordingly, the prejudgement interest rate to be applied in this case is 4.94% for 2006, 4.53% for 2007, 4.12% for 2008 and 3.71% for 2009, compounded monthly. The table, attached at Appendix A, reflects this calculation, which results in a prejudgment interest in the amount of **$22,191.30**. Plaintiff's motion to utilize the state interest rate for calculating prejudgment interest is DENIED.

D. <u>Award to Masters</u>

1. Retirement Benefit

The monthly retirement benefit as determined by the Court to which Masters is entitled beginning March 1, 2006 is $18, 304.55,[4] less the agreed upon SERP offset amount of $2,158.87, for a total monthly net benefit of **$16,145.68**, to be paid until such time as plaintiff's entitlement to benefits under SERP expires.

---

[3] This calculation results in rates for 2008 and 2009 that are not out of line with the prime rates for this period. The use of prime rates to determine prejudgment interest has been upheld on appeal. *See Rybarczyk,* 235 F.3d at 986.

[4] ECF 28.

5

(5:07 CV 1826)

### 2. Unpaid Retirement Benefit

The Court has determined that Masters' monthly retirement benefit should be $16,145.68. Masters was previously paid a monthly retirement benefit of $7,589.51 for each month from March 1, 2006 through March 31, 2009.

The amount of unpaid retirement benefits for this period is the difference of $8,556.17 per month from March 1, 2006 through March 31, 2009, for a total amount of unpaid retirement benefits due to Masters of **$316,578.29**.

### 3. Prejudgment Interest

The Court has determined that Masters should be awarded prejudgment interest in the manner set forth, *supra.* Accordingly, based on a monthly deficiency of $8,556.17 in the payment of Masters' retirement benefit between March 1, 2006 and March 31, 2009, the Court finds that Masters is entitled to prejudgment interest in the amount of **$22,191.30**.

### E. Conclusion

For the reasons discussed herein, plaintiff's motion (Doc. 29) that the Court award prejudgment interest at the state interest rate is granted in part and denied in part. To the extent that plaintiff's motion seeks an award of prejudgment interest, plaintiff's motion is GRANTED.

(5:07 CV 1826)

However, plaintiff's motion that the state interest rate be used to calculate prejudgment interest is DENIED. Plaintiff will be awarded prejudgment interest in the amount of $22,191.30.

    IT IS SO ORDERED.

| | |
|---|---|
| May 1, 2009 | *S/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |